IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KRAIG PAYNE,

    Plaintiff,

v.

JB PRITZKER, LATOYA HUGHES,
and JEREMIAH BROWN,

    Defendants.

Case No. 25-cv-926-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Payne's original Complaint (Doc. 1) alleging that his food was tainted was dismissed without prejudice (Doc. 13). Payne was granted leave to file an amended pleading. His amended pleading was due July 7, 2025 (*Id.*).

    On July 22, 2025, the Court dismissed Payne's case with prejudice due to his failure to file an amended pleading by the deadline (Docs. 15, 16). That same date, Payne filed his Amended Complaint (Doc. 17). Payne dated his Amended Complaint as being filed on June 13, 2025. Although it is not entirely clear from the pleading when he submitted the pleading for filing, the Court will consider it timely submitted. Thus, the dismissal Order (Doc. 15) and Judgment (Doc. 16) are **VACATED**.

1

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Payne alleges that Defendants attempted to murder him and/or conduct unlawful human experiments by serving him an organism in his food (Doc. 17, p. 6). He alleges the Constitution allows him to decline participation in an unlawful experiment without consent (*Id*.). He believes that officials at the prison fed him an organism without warning him, and he does not know what the food contains or from where it originates (*Id*.). He wrote grievances that were reviewed by both Warden Jeremiah Brown and Illinois Department of Corrections Director Latoya Hughes (*Id*. at pp. 6, 9). Payne alleges that he has a sample of the larva, and technology could identify the item if he had the resources to have it tested (*Id*. at p. 7). He alleges that he is in imminent danger due to his food being tainted (*Id*. at p. 8). Payne further believes the tainted food is part of an unlawful experiment with man-made organisms that depend on an electric magnetic pulse to come alive in the body (*Id*. at p. 9). Payne alleges that the larvae is in everything that the inmates eat, including breakfast cereal and burger meat (*Id*.). He specifically saw the worm in his beans and believes that the beans act as a shell of protection (*Id*. at p. 12). He reported the worms, but nothing was done (*Id*. at p. 9). Payne alleges that Governor JB Pritzker is

involved in these activities because Payne wrote him about the conditions, but Pritzker failed to visit the prison (*Id.*).

## Discussion

Payne's Amended Complaint fails to state a claim. To the extent he alleges claims of attempted murder, Payne cannot use Section 1983 to criminally charge a person. A private citizen "has no right to compel a criminal prosecution." *Wimberly v. Julius*, 606 F. App'x 309, 311 (7th Cir. 2015), *cert. denied* 577 U.S. 987 (2015).

Although not entirely clear from his pleadings, Payne may be trying to allege an Eighth Amendment conditions of confinement claim for the food he was served. He alleges that there was some unidentifiable organism in his food, particularly in a serving of beans (although he also notes possible organisms in his cereal and ground beef). To establish a conditions of confinement claim, an inmate must establish (1) "a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities," and (2) "where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (*citing Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Isolated incidents of food contamination do not usually rise to the level of a constitutional violation. *See Morris v. Buege,* No. 23-cv-11-pp, 2023 WL 2465882, at *3-4 (E. D Wisc. Mar. 10, 2023); *Jackson v. Lang*, No. 09 C 5123, 2010 WL 3210762, at *1 (N.D. Ill. Aug. 10, 2010) (one incident of finding rodent parts in a meal did not rise to the level of a constitutional violation) (citing *George v. King*, 837 F.2d 705, 707 (7th Cir. 1988)). But officials can be liable if they are deliberately indifferent to a known danger with prison food. *Green v. Beth*, 663 F. App'x

471, 473-74 (7th Cir. 2016). Payne fails to provide enough factual allegations to state a claim. Although he alleges that he received an organism in his food, he fails to indicate when this occurred or any of the factual circumstances surrounding the contamination of his food. He notes that one organism was found in his beans, but he fails to allege when he received the beans, how they were served, the description of the organism, or whether he informed any officials at the time he received his food tray. He allegedly attaches the item to his pleading, but it appears to be a piece of tape with orange stains on it (Doc. 17, p. 7). He further fails to allege whether he received tainted food on one occasion or if there have been multiple occasions. He notes that the larvae are also found in breakfast cereal and burger meat, but he fails to indicate when he received these items.

Further, Payne alleges that Brown and Latoya Hughes failed to act in response to his grievances. But the mere mishandling or denial of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). The defendants must be *personally* involved in the constitutional deprivation. *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012). There are simply no allegations to suggest that any of the defendants were involved in the preparation of Payne's food or were aware of issues with organisms in the food. He fails to allege that he spoke to Brown or Hughes. He alleges that he wrote to Governor Pritzker but fails to describe any response that he may have received from him. There are simply no allegations to suggest that these individuals were aware of the issues with his food or personally involved in its preparation and service.

Thus, Payne once again fails to state a claim. This is Payne's second attempt to state a claim in this case, and he has been unable to do so. The Court finds that further amendment would be futile.

## Disposition

For the reasons stated above, Payne's Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Payne's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Payne is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Payne wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Payne does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Payne may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: **July 25, 2025**

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**